## JONES v. HOFFMAN.[1]

SET-OFF AND RECOUPMENT—DAMAGES RECOVERABLE

In an action for the contract price of excavating a sewer, defendant is entitled to recoup for the loss of tools occasioned by the caving in of the sewer while defendant was completing it after plaintiff's abandonment, if the loss was without fault or negligence.

Error to Wayne; Frazer, J. Submitted June 18, 1907. (Docket No. 118.) Decided October 4, 1907.

Assumpsit by Elmer B. Jones against Charles A. Hoffman and Charles R. Lau for work and labor. There was judgment for plaintiff, and defendants bring error. Affirmed on condition.

*Charles Engelhard*, for appellants.

*J. Walter Drake*, for appellee.

HOOKER, J. The plaintiff sued defendants in assumpsit before a justice of the peace. His claim as stated in his bill of particulars aggregated $66, and he recovered a verdict for $57. Upon a dilatory appeal by the defendants, allowed by the circuit court, the defendant was allowed to file a bill of particulars and notice of recoupment and set-off. A trial resulted in a verdict for the plaintiff of $56.78 and judgment followed, and the defendant has again appealed.

The defendants were allowed to introduce evidence of all their claims in set-off and recoupment, hence the dis-

---

[1] December 10, 1907. On rehearing. A motion for a rehearing and modification of the opinion and judgment in this cause having been made, *ordered* that the judgment of the trial court be reversed, with costs, unless within 15 days the plaintiff shall remit from his judgment the sum of $8.25, in which event the judgment will be affirmed, the defendants to recover costs of this court.

cussions and rulings relating thereto are unimportant. The gist of the claim is that the defendants employed the plaintiff to excavate a cellar, and sewer, and that he did not fully perform his contracts, and that defendants were put to expense in relation thereto. The only item that they were not allowed to take the verdict of the jury upon was a claim for the loss of a pickaxe and one or two other tools occasioned by the caving in of the sewer which they were excavating. The court excluded this evidence upon the ground that these items were not proper either as set-off or recoupment. We are of the opinion that the court erred in this exclusion of testimony. This loss contributed to the cost of doing the work, and if the loss was without fault or negligence, the jury would have been justified in including it in damages arising from plaintiff's nonperformance.

It is unnecessary to refer to other questions. The judgment is reversed, and a new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.